NYGAARD, Circuit Judge,
dissenting.
I dissent because I believe the federal and state claims are inextricably intertwined. Hence, the majority’s holding contravenes the Rooker-Feldman doctrine by permitting a federal court to review and potentially contradict a ruling of a state court of general jurisdiction.
The gravamen of Gulla’s claim, which is contained in his appeal in the Court of Common Pleas of Washington County, Pennsylvania and in his complaint in the Federal Court for the Western District of Pennsylvania, is essentially that he was not given the notice to which he alleges he was entitled by law concerning subdivision proceedings in North Strabane Township.
Specifically, in his Notice of Appeal from the decision of the North Strabane Township Board of Supervisors, Gulla complained that he received no notice of the subdivision process. Gulla alleged that in doing so the supervisors violated Section 304 of the Township subdivision and land development ordinance, which, among other things, dictates the process it must follow when it considers a major subdivision request. He averred that as a result, the Township “violated due process and equal protection provisions of the state and the United States Constitutions.” In the Federal District Court for the Western District of Pennsylvania, he again alleged that “no notice was ever given to the Güilas concerning the subdivision process.” And that as a result, “defendants have violated the civil rights of the plaintiffs.”
The Court of Common Pleas held that under the ordinance Gulla was not entitled to notice of the proceedings; consequently none of his rights were violated when he was not given notice; he was simply not a person aggrieved by the law. In so ruling, the judge used the phrase “appellants lack standing to challenge the subdivision proceedings.” Nonetheless, Gulla received a full adjudication of his rights in the state court because his entitlement to notice, hence any violations thereof, were inextricably intertwined with a decision that he was neither a person entitled to notice, nor aggrieved by the law. Gulla admits that the state court found “that state procedures were not violated.” (Appellant’s Br. at 3.) That is the essence and basis of his claim to notice of the subdivision proceedings, and which was affirmed on appeal to the Commonwealth Court. By concluding that the district court may rehear the matter, we are allowing a federal court to improperly sit in secondary judgment on a matter already decided by a state court. If, on remand, the district court decides that Gulla was entitled to notice, it will be determining that the decision of the Court of Common Pleas was wrong and in so doing void its ruling — something it is not empowered to do.
This is not a typical matter in which, because the plaintiff “lacked standing” to present his claim, his claim was neither heard nor decided on the merits. Here, the merits are inextricably intertwined with the “standing” decision and the state courts’ rulings that Gulla is not entitled by the ordinance to receive notice. Gulla has received his day in state court, and I think the district court was correct when it refused to give him another one in federal court. I would affirm.